UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

EVAN RICHARD HARRIS,   6:16-cv-2327-JR

                Plaintiff,

                ORDER

     v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

RUSSO, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income.

Plaintiff asserts disability beginning August 7, 2008, due to brain damage, Gilbert's syndrome, a back condition, a pelvic condition, a neck condition, anxiety, bipolar disorder, and depression. Tr. 232, 237. After a hearing, an Administrative Law Judge (ALJ) determined plaintiff

was not disabled. Plaintiff asserts the ALJ erred in: (1) relying on evidence not in the record; (2) determining plaintiff's mental impairments were not severe; and (3) discrediting plaintiff.

1.  Factual Misstatements

Plaintiff asserts the ALJ committed reversible error with three factual misstatements. In referencing an August 8, 2013, psychiatric evaluation, the ALJ stated:

> The Claimant reported that he lives in a house with family and has adequate self-care skills. He said that he does not do household chores, run errands, shop or cook but was able to snow ski, skateboard and work out. He is fully capable of performing all activities of daily living whether he chooses to do so or not.... In fact, office treatment records submitted by Kaiser Permanent document low motivation.

Tr. 22 (referencing Tr. 367). Plaintiff notes the record does not include any document indicating low motivation. While the ALJ did discount plaintiff's allegations of disabling pain based in part on daily activities, there was no reference to low motivation. Tr. 25. The misstatement did not impact the analysis. Thus, elimination of the misstatement would not have changed the result, and any error was harmless. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012).

Plaintiff next argues the ALJ misstated the record when he stated, "It is notable that the claimant had no independent psychological treatment...." Tr. 22. The only treatment record plaintiff points to is a medication management session with Dr. Moiez Khankanian, M.D., who told plaintiff to see a therapist. Tr. 298-99. Plaintiff does not demonstrate any record support for psychological therapy treatment. To the extent the ALJ's statement is in error, the error is harmless.

Finally, plaintiff notes the ALJ misstated that he "has a girlfriend who is pregnant with his son." Tr. 22. At the time of the hearing, plaintiff was married and his wife had given birth to twins about two years prior. It appears the ALJ was referencing a diagnostic impression after an August

30, 2012 consultative exam in which Dr. Margaret Donohue noted plaintiff was "[l]iving with girlfriend, new baby on the way...." Tr. 335. The error is harmless.

2. Severity of Mental Impairments

Although plaintiff styles this argument as an error at step two of the analysis, the argument more accurately pertains to plaintiff's residual functional capacity (RFC) and limitations with respect to the ability to perform other work at step five of the analysis. In this regard, plaintiff contends the ALJ erred in rejecting moderate limitations assessed by Dr. Margaret Donohue and limitations noted by his wife.

    a. Dr. Donohue

Dr. Donohue opined plaintiff:

> would be able to understand, remember and carry out short, simplistic instructions with mild difficulty.... He would have moderate difficulty to understand remember and carry out detailed and complex instructions. He would have no difficulty to make simplistic work-related decisions without special supervision.... He would have mild difficulty to respond to change in normal workplace setting. He would have mild to moderate difficulty to maintain persistence and pace in a normal workplace setting.

Tr. 335.

The ALJ found no more than mild cognitive impairments stating:

> Great weight is assigned to the opinions and assessments of the consultative psychological and consultative psychiatric examiners who opined no more than mild limitations in the claimant's mental functioning with one exception. This portion of Dr. Donohue's opinion is given little weight. The balance of the claimant's treatment evidence shows no specific complaints of any mental disorder to his treating physicians and most of those records demonstrate normal mood and affect without any other symptoms. The claimant sought no independent treatment for mood disorders. Thus, the balance of the evidence demonstrates no more than mild functional limitations in any domain including activities of daily living, social functioning and concentration, persistence and pace.

Tr. 26.

The ALJ noted that examining psychiatrist Dr. Khushro Unwalla found plaintiff has only mild limitations in performing detailed and complex tasks. Tr. 22, 368 (assessing restrictions based on "objective findings presented during this interview"). This is a specific and legitimate reason for rejecting the moderate limitation opinion of Dr. Donohue. Cf. Arredondo v. Astrue, 2009 WL 4823859, at *1 (C.D. Cal. Dec. 11, 2009) (citing Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) for the proposition that the opinion of a consultative examiner based on his own independent examination of the claimant constituted substantial evidence on which the ALJ properly could rely as a specific and legitimate reason for rejecting the contrary opinion of a treating physician). Moreover, the jobs identified by the ALJ that plaintiff could perform at step five of the analysis are unskilled and have specific vocational preparation levels of 2. Tr. 28, 57. Thus, even assuming moderate difficulty in understanding, remembering, and carrying out detailed and complex instructions, the ALJ's analysis accounts for such restrictions. See 20 C.F.R. § 404.1568 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.").[1]

The ALJ did not err with respect to Dr. Donohue's opinion.

---

[1]To the extent plaintiff argues the identified jobs do not account for moderate limitations in persistence and pace, Dr. Donohue opined plaintiff's restriction in this area is mild to moderate. The RFC is not the least an individual can do despite restrictions, it is the most an individual can do given the restrictions. SSR 96-8p. The opinion establishes an ability to handle persistence and pace in the work place with mild restrictions at most and moderate restrictions at least.

b. Plaintiff's Wife's Report

Plaintiff asserts his wife's report of his limitations also suggest moderate limitations in carrying out detailed instructions and concentration. Tr. 253, 258. However, as noted above, the jobs identified are unskilled. Although the ALJ did not specifically address plaintiff's wife's report, the ALJ did reject plaintiff's testimony regarding his limitations including allegations of neurological impairment. Tr. 24, 54-55. As discussed below, the ALJ properly evaluated plaintiff's subjective symptom testimony. Accordingly, the ALJ's failure to specifically address plaintiff's wife's report is harmless. See Molina v. Astrue, 674 F.3d 1104, 1116–17 (9th Cir. 2012) ("[I]t is not harmful error for the ALJ to fail to discuss lay witness testimony where the ALJ has provided sufficient reasons for rejecting similar testimony.").

3. Plaintiff's Credibility

Plaintiff testified he stopped working in 2008 initially because of a hernia left untreated for lack of insurance. Tr. 45. Plaintiff then suffered further injury following a motorcycle accident and was on disability until March 16, 2009. Plaintiff was then incarcerated until May 31, 2011, and resided in a halfway house until October 24, 2011. Tr. 45.

Plaintiff testified that due to his impairments it is "agonizing to sit." Tr. 42. He further stated that he experiences pain due to any movement from his waist area, as well as pain in his back, shoulder and elbow. Tr. 46-47. Plaintiff asserts that unless he is laying down or asleep, he suffers pain in his hip, back, shoulder, and elbow "24/7." Tr. 47. As a result, plaintiff has to constantly change positions from sitting, to standing, to walking or moving around every seven to ten minutes. Tr. 48. However, plaintiff can only manage his pain by changing positions over two or three hours

each day, however, he also alleges he must lie down for 20 minutes every 30 to 45 minutes. Tr. 48-49.

The ALJ determined plaintiff's statements concerning the limiting effects of his impairments are not entirely credible. The ALJ noted: plaintiff has few medical records dating back to his alleged onset of disability in 2008; early treatment records in November, 2008, show no complaints and improved movement; treatment records through 2014 do not support such severe limitations; and plaintiff's testimony regarding daily activities were inconsistent with statements made to consultative medical examiners. Tr. 24-26.

The ALJ cites medical treatment records contemporaneous with plaintiff's alleged onset after his motorcycle accident that contradicts his alleged severe pain. E.g., Tr. 352 (November 8, 2008 orthopedic clinic notes showing plaintiff had no subjective complaints and improved movement).[2] Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. [Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995)](). Further contradictions with the medical record are also found in more recent exams. On July 31, 2014, despite rating his pain at a 10 out of 10, plaintiff ambulated normally and transferred "from the chair to standing and in standing to the exam table ... with ease, demonstrating no discomfort." Tr. 423. Indeed, after an examination in August 2013, Dr. Robin Alleyne assessed plaintiff with an ability to walk and stand six out of an eight-hour workday and sit six hours out of an eight-hour workday. Tr. 375.

---

[2]Plaintiff's counsel suggests plaintiff was only addressing his wrist, but the ALJ reasonably reads the record as lack of debilitating pain. The discharge notes on August 7, 2008, following the accident, also reveals plaintiff's ability to ambulate and that his pain was controlled. Tr. 380. The ALJ noted that for such an alleged degree of pain, there is a notable lack of treatment. Tr. 24.

As noted above, the ALJ found inconsistencies in plaintiff's reporting of daily activities. For instance, to examining doctors plaintiff reported a need for assistance with activities such as dressing and walking and that he does not do any household chores, errands, shopping or cooking. Tr. 332, 367. However, at the hearing, plaintiff testified that a typical day involves tending to and walking with his children. Tr. 49. Plaintiff also reported preparing meals and shopping. Tr. 50-51. The ALJ noted that plaintiff was observed to be seated comfortably at the hearing despite his allegations of a nearly constant need to change positions from sitting, to standing, to lying down in order to be comfortable..[3] Tr. 26. These are factors the ALJ may also rely upon in rejecting plaintiff's testimony. See, e.g., Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or inconsistencies between testimony and conduct, and daily activities).

The ALJ did not err with respect to plaintiff's testimony.

//
//
//
//
//
//
//
//

---

[3]Plaintiff's counsel did suggest at the hearing that plaintiff was uncomfortable (Tr. 56), but the ALJ's observation was inconsistent with plaintiff's "agonizing pain" and stated need for constant adjustments and rest.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this case is dismissed.

DATED this 1st day of February 2018.

                                             s/Jolie A. Russo
                                            JOLIE A. RUSSO
                                            United States Magistrate Judge